Case No. 08-6200/09-5722

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DOUGLAS BAKER,

Appellee/Cross-Appellant.

v.

WINDSOR REPUBLIC DOORS,

Appellant/Cross-Appellee.

APPELLANT'S PETITION FOR A REHEARING EN BANC

G. Ross Bridgman (0012945)
VORYS, SATER, SEYMOUR AND
PEASE LLP
52 East Gay Street
Columbus, Ohio 43215
Phone:  614-464-5682
Fax:       614-719-5043
grbridgman@vorys.com

David A. Campbell (0066494)
VORYS, SATER, SEYMOUR AND
PEASE LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio  44112
Phone:  216-479-6100
Fax:       216-479-6060
dacampbell@vorys.com

*Counsel for Appellant/Cross-Appellee Windsor Republic Doors*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

RULE 35(b) STATEMENT ...................................................................................1

STATEMENT OF FACTS ....................................................................................3

      A.      Baker's Forklift Operator Position .......................................................3

      B.      Baker Cannot Return To Work Without A Reasonable Accommodation ................................................................................4

      C.      This Court and the District Court Found That Baker Was Not Entitled to a Reasonable Accommodation Pursuant to the ADA ...................................................................................5

      D.      The Panel Decision Mandates That Baker be Returned to Work ..................................................................................6

REASONS FOR GRANTING THIS PETITION ...................................................7

CONCLUSION .....................................................................................................12

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ....................................13

CERTIFICATE OF SERVICE .............................................................................14

# **TABLE OF AUTHORITIES**

**Page**

## **CASES**

*Cain v. Board of Trustees of the Univ. of Alabama*, 209 Fed. App'x 923 (11th Cir. 2006) ......................................................................................... 9

*Carter v. George Washington Univ.*, 387 F.3d 872 (D.C. Cir. 2004) ...................... 9

*Douglas Baker v. Windsor Republic Doors*, Case Nos. 08-6200/09-5722/09-6553 (March 8, 2011) ................................................................ 1, 3, 10

*Gonzalez v. Carlin*, 907 F.2d 573 (5th Cir. 1990) ...................................................... 9

*Holtzclaw v. DSC Comm'n Corp.,* 255 F.3d 254 (5th Cir. 2001) ............................ 8

*Laber v. Harvey*, 438 F.3d 404 (4th Cir. 2006) ........................................................ 9

*Prescott v. Higgins*, 538 F.3d 32 (1st Cir. 2008) ...................................................... 8

*Spengler v. Worthington Cylinders*, 615 F.3d 481 (6th Cir. 2010) ......................... 8

*Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) ............................................... 8

*Von Zuckerstein v. Argonne Nat'l Lab.*, 984 F.2d 1467 (7th Cir. 1993) .................. 9

*Walborn v. Erie Cnty. Care Facility*, 150 F.3d 584 (6th Cir. 1998) ........................ 8

*Whitaker v. Wallace*, 170 F.3d 541 (6th Cir. 1999) .................................................. 9

## **RULES**

Fed. R. App. P. 32(a)(5) ............................................................................................ 14

Fed. R. App. P. 32(a)(6) ............................................................................................ 14

Fed. R. App. P. 32(a)(7)(B) ...................................................................................... 14

Fed. R. App. P. 32(a)(7)(B)(iii) ................................................................................ 14

Fed. R. App. P. 32(a)(7)(C) ...................................................................................... 14

Sixth Cir. R. 32(a) ..................................................................................................... 14

## RULE 35(b) STATEMENT

Defendant-Appellant Windsor Republic Doors ("Windsor") respectfully requests a rehearing en banc of one of the holdings set forth in the Panel's decision.

Based on prior Sixth Circuit precedent, the Panel held that judgment was properly entered in favor of Windsor on Plaintiff-Appellee Douglas Baker's ("Baker") failure to accommodate claim. *Douglas Baker v. Windsor Republic Doors*, Case Nos. 08-6200/09-5722/09-6553, pg. 20 (March 8, 2011) (hereinafter, "*Panel Decision* at 20").[1]  Specifically, the Panel concluded that Baker's "regarded as" disabled claim entitled him to no accommodations because "reasonable accommodations need not be offered to employees who are only 'regarded as' disabled." *Id*. at 16.

After concluding that Baker was *not* qualified to return to work with Windsor, however, the panel further held that Baker could nonetheless prevail on a retaliation claim under the ADA. *Panel Decision* at 26. Based on the panel's second holding, Baker is now entitled to return to work with Windsor despite the fact that the panel held that he is not entitled to the reasonable accommodations that he must have in order to safely perform the essential functions of his position.

---

[1] A copy of the Panel Decision is attached hereto as Exhibit A.

It is this second holding that implicates both of Rule 35's requirements for an en banc determination.

The Panel Decision implicates two questions of exceptional importance, i.e., how can an employer be held liable for retaliation based upon a refusal to return an employee to work in a position that he was not qualified to perform and how can an employer be obligated to reinstate an employee when to do so places both the employee and his coworkers at substantial risk of death or serious injury?

Windsor is a manufacturer of commercial hollow metal doors and frames. Its plant contains many welders, electro-static paint machines, transformers, and other machinery producing varying amounts of electromagnetic fields ("EMFs"). The essential functions of Baker's position with Windsor, a forklift operator, places him in direct contact with these EMFs. Baker's surgeon has advised Windsor that Baker *cannot* come into contact with EMFs. Even Baker admits that he is uncertain whether it is safe for him to return to work. (R. 100, judicial transcript, pp. 90-91)

The Panel Decision without any discussion of these safety issues, however, affirms the district court's judgment that returns Baker to return to work, placing Windsor and similarly-situated employers in the untenable position of placing both its employee and coworkers at substantial risk of death or serious injury. Thus, this case satisfies the first criteria for an en banc determination.

The Panel Decision also conflicts with decisions from the Courts of Appeals for the First, Fifth, Seventh, Eleventh, and District of Columbia Circuits. Specifically, these Circuits hold that an employee who is denied a position and/or terminated from a position for which he or she is not qualified cannot maintain a retaliation claim pursuant to the ADA and/or other anti-discrimination statutes.

Here, the Panel Decision expressly holds that Baker is not qualified for his position as a forklift operator, with or without reasonable accommodation. *Panel Decision* at 15 (Baker failed to establish "that he was qualified to perform the position he sought"). On the other hand, the Panel Decision also holds that Baker can successfully assert an ADA retaliation claim and, therefore, he is entitled to be reinstated to work as a forklift driver – a position for which he has been found to be unqualified. Not only is this result contrary to common sense, it is internally contradictory and is inconsistent with decisions of the First, Fifth, Seventh, Eleventh, and Circuits Circuits. Accordingly, Windsor respectfully submits that this Court should review it *en banc*.

## STATEMENT OF FACTS

**A.  Baker's Forklift Operator Position.**

Baker is a forklift driver at Windsor's McKenzie, Tennessee, plant (the "McKenzie Plant") who has been on medical leave since July 2005. (R. 95,

judicial trans., p. 57-58, 142, 158.) Baker took medical leave to have a pacemaker and defibrillator implanted due to a heart condition. (*Id.* at pp. 57, 142.)

Documentation regarding Baker's pacemaker/defibrillator provided by its manufacturer, Medtronic, states that "[e]xtreme high[-]intensity [electromagnetic] fields (e.g., 10 times the stated [5 Gauss] threshold limit[]) may induce high currents to the implanted system [and] that permanent device damage or patient injury could result." (Id. at Ex. 3, pp. 1-2.) A malfunction in Baker's pacemaker/defibrillator of this sort could lead to irregular heart beat and even Baker's death. (R. 75, deposition, p. 30.)

The McKenzie Plant contains industrial machinery that produce EMFs and one of the essential functions of Baker's position as forklift operator is thus that he must work in close proximity to these EMF sources. (R. 95, judicial transcript, pp. 74, 81, 137-38, 144-45.) Consequently, Baker's physician, Dr. Adey Agbetoyin, placed Baker on medical leave following his surgery until he could "sort[] out" how to allow Baker to return to work without being in danger from the EMF. (See R. 100, judicial transcript, Ex. 16, p. 3. Ex. 5, p. 1 (emphasis added).)

**B. Baker Cannot Return To Work Without A Reasonable Accommodation.**

Baker and Windsor engaged in a lengthy accommodation review process that was ***not*** completed when Baker initiated this lawsuit and ended the review process. (<u>See</u> R. 100, judicial transcript, Ex. 16, p. 3.) Even as of August 2006,

after filing of this suit, Baker's medical records reflect that he was still not released to return to work by his physician because the doctor was still seeking "clearance from Medtronic engineers so that Baker can return to work with if he wears an EMF/EMI alarm." (R. 100, judicial transcript, Ex. 16, p. 32.)

In fact, as of January 2007, six months after this lawsuit had been filed and the accommodation review process ended without discerning any appropriate accommodation that could be provided without placing Baker and his coworkers at risk, Baker was still considered medically unable to return to work due to concerns with his pacemaker/defibrillator's interaction with EMFs. (R. 95, judicial trans., Ex. 11, pp. 1-2, Ex. 12, p. 1.)

At trial Baker admitted that he did not know if he could return safely return to work due to EMF in the workplace. (R. 100, judicial trans., pp. 90-91.) Likewise, the union admitted that they could not locate a "safe" route for Baker; they understood Baker's return to work may not be safe; and that Baker and Windsor were taking risks by letting Baker return to work. (R. 96, judicial trans., pp. 225, 241.)

### C. This Court and the District Court Found That Baker Was Not Entitled to a Reasonable Accommodation Pursuant to the ADA.

After a trial, the jury returned a verdict in Baker's favor, finding that Windsor unlawfully denied Baker a reasonable accommodation and retaliated against him. (R. 85, jury verdict; R. 88, judgment, p. 1.) Despite the fact that an

accommodation had not been found that would permit Baker to safely return to work with Windsor, the District Court ordered that Baker "be reinstated to his former position with Defendant with a reasonable accommodation provided by Defendant." (R. 85, Judgment in a Civil Case.)

Eventually, the District Court reversed the jury's verdict on Baker's reasonable accommodation claim, properly finding that Baker was not entitled to a reasonable accommodation as a matter of law because he was only "regarded as" disabled. (R. 121, order, pp. 21-22, 30.)

The parties then appealed various issues and rulings to this Court, including, *inter alia*, whether the district court properly dismissed the jury's reasonable accommodation verdict and whether the District Court properly affirmed the jury's retaliation verdict.

### D.    The Panel Decision Mandates That Baker be Returned to Work.

On March 8, 2011, the Panel Decision affirmed the district court's decision to overturn Baker's jury verdict on his reasonable accommodation claim, agreeing that Baker was not entitled to a reasonable accommodation as a "regarded-as" disabled individual pursuant to the ADA.

The Panel Decision, however, upheld the jury's retaliation verdict, but it does not analyze the issue of whether Baker was qualified to perform his forklift operator position because (1) he could not safely work in the presence of EMFs

without a the reasonable accommodation of an EMF alarm and (2) he was not legally entitled to use such a reasonable accommodation.[2]

In upholding the jury's retaliation verdict, the Panel Decision found that Windsor retaliated against Baker when it "refused to <u>allow him to return to work</u> unless he signed a waiver of his [workers' compensation] rights." (Doc. 006110891266, p. 22) (emphasis supplied).

The record is clear that Baker cannot safely return to work, however, without the use an EMF alarm, which Windsor is not obligated to allow him to use. More importantly, even if he uses an EMF alarm, there is no evidence that Baker can safely work in the McKenzie Plant using the alarm.

## **REASONS FOR GRANTING THIS PETITION**

**The Panel Decision Conflicts With the Authoritative Decisions of Other United States Courts of Appeals That Have Addressed the Issue of Whether a Plaintiff Must be Qualified for the Position He/She was Denied or Discharged From to Maintain a Retaliation Claim.**

Several federal Circuit Courts of Appeals hold that to maintain a retaliation claim pursuant to the ADA, the Age Discrimination in Employment Act ("ADEA"), and/or Title VII, a plaintiff must be qualified for the position that

---

[2] The Panel Decision did state, "[t]he very fact that Baker was meeting his employer's expectations prior to the implantation of his pacemaker demonstrates that he was previously qualified for his job." (Doc. 006110891266, p. 16, n. 7.) Whether Baker was "previously qualified," however, is irrelevant to whether he was qualified to perform his job following the implantation of his EMF-sensitive pacemaker/defibrillator.

he/she was allegedly denied or discharged from in retaliation for his/her exercise of statutorily-protected rights. Accordingly, an *en banc* review of the Panel Decision is warranted so that this Court can directly address the issue to avoid an unnecessary circuit split.

The *prima facie* elements of an ADA retaliation claim are: (1) a plaintiff has engaged in a protected activity that was known to the defendant; (2) that the defendant thereafter took adverse employment action against the plaintiff; and (3) that a causal connection exists between the protected activity and the adverse employment action. *Walborn v. Erie Cnty. Care Facility*, 150 F.3d 584, 588-89 (6th Cir. 1998).

Additionally, while this Court has never held so, the First, Fifth, Seventh, Eleventh, and District of Columbia Circuits have held that in order to maintain a retaliation claim pursuant to the ADA, Title VII, or ADEA,[3] a plaintiff must also have been qualified for the position that he or she was allegedly denied and/or discharged from in retaliation for his/her engaging in a protected activity. *See*, *e.g.*, *Prescott v. Higgins*, 538 F.3d 32, 43 (1st Cir. 2008) (dismissing race and disability retaliation claims because, *inter alia*, defendants demonstrated that the

---

[3] The elements of a ADEA, Title VII, and ADA retaliation claims are the same. *Thaddeus-X v. Blatter*, 175 F.3d 378, 387 (6th Cir. 1999) (en banc) (noting that the "essential framework" of retaliation claims under the ADA and Title VII and are the same); *see also Spengler v. Worthington Cylinders*, 615 F.3d 481 (6th Cir. 2010) (listing the elements of an ADEA retaliation claim, which are the same as those of for Title VII and/or ADA claims).

plaintiff was not qualified for the position allegedly denied to him in retaliation for his exercise of his statutory rights); *Holtzclaw v. DSC Comm'n Corp.*, 255 F.3d 254, 260 (5th Cir. 2001) ("We therefore conclude that qualification for the job is an element of a *prima facie* claim of ADEA retaliation"); *Gonzalez v. Carlin*, 907 F.2d 573 (5th Cir. 1990) (holding in a Title VII case that, "[o]bviously, an employee may not complain that not obtaining a position was retaliation if she was not qualified for that position in the first place"); *Carter v. George Washington Univ.*, 387 F.3d 872, 883 (D.C. Cir. 2004) ("Carter still fails to make out a *prima facie* case for . . . retaliation because she has not shown that she was qualified for the position"); *Cain v. Board of Trustees of the Univ. of Alabama*, 209 Fed. App'x 923 (11th Cir. 2006) ("With respect to plaintiff's retaliation claim, no reasonable jury could find retaliation in light of the fact that plaintiff was not qualified for the position to which Dr. Siegel was promoted"); *Von Zuckerstein v. Argonne Nat'l Lab.*, 984 F.2d 1467 (7th Cir. 1993) ("the denial of a position by an employer cannot be retaliatory if the applicant is not qualified for the position").[4]

---

[4] *See also Whitaker v. Wallace*, 170 F.3d 541, 544 (6th Cir. 1999) (denying a retaliation claim, in part, because a plaintiff's lack of qualification for the position from which she was demoted was a legitimate, non-discriminatory reason for her demotion); *Laber v. Harvey*, 438 F.3d 404, 432 (4th Cir. 2006) ("Even assuming that [the plaintiff] demonstrated a *prima facie* case of retaliation, the [defendant] satisfied its burden of producing a legitimate, non-discriminatory reason for his non-selection by introducing evidence that [the plaintiff] was not qualified for the job")

These decisions are in direct conflict with the Panel Decision. Here, Baker could not work in close proximity with EMFs an essential function of his forklift operator position—without an EMF alarm. But as this Panel Decision held, Baker was not entitled to use an EMF alarm under the ADA. Thus, the Panel Decision's holding that Baker can maintain a retaliation claim, despite that he was not qualified for the position denied to him, conflicts with the above-cited cases from the First, Fifth, Seventh, Eleventh, and District of Columbia Circuits and should be reviewed by this Court to avoid an unwarranted split among the Circuits.

In reviewing the Panel Decision, the *en banc* panel of this Court should adopt the line of authority above and reverse Baker's jury verdict on his retaliation claim because the other circuits' holdings are well grounded.

First, these cases are logical. It simply makes no sense to allow an employee to maintain a retaliation claim when the employer's alleged retaliation was failing to make an accommodation the employer was not obligated to make. Here, the Panel has held that Windsor is liable to Baker for retaliation because it refused to allow him to return to work until he executed a statutory waiver, but the Panel's rationale that "it is not unreasonable for a jury to conclude that the adverse employment action was precipitated by Baker's insistence on the company offering him some accommodation to allow him to continue working as a forklift operator"

(*Panel Decision* at 24) is logically inconsistent with its holding that Windsor had no obligation to offer such accommodation.

Second, these cases are practical. Here, Baker cannot safely perform his job as a forklift operator without an EMF alarm he is not entitled to use. Without the alarm, Baker's pacemaker/defibrillator could malfunction in the presence of high EMFs, causing and irregular heartbeat and/or death. Obviously, should Baker's pacemaker/defibrillator malfunction while he is operating his forklift, he could not only injure himself but his coworkers. Accordingly, Baker should not be able to maintain a retaliation claim where he cannot safely perform his forklift operator position without an accommodation his employer is not required to make.

Finally, restoration of Baker to his forklift operator position is directly contradictory to the Panel Decision's holding that he is not entitled to a reasonable accommodation. If Baker is returned to work, Windsor, out of an abundance of caution, will have no choice but to allow him to use an EMF alarm as a reasonable accommodation. To that end, the Panel Decision's result will grant Baker a *de facto* reasonable accommodation to which he is not legally entitled. Windsor should be made to provide statutory rights to an employee in addition to those guaranteed by federal law. The Panel Decision wholly fails to acknowledge let alone resolve its own internal inconsistency. The other Circuit's holdings stated

-11-

above avoids this result, and, therefore, the Court should review the Panel Decision *en banc* and reverse it.

## **CONCLUSION**

Accordingly, because the Panel Decision conflicts with the well-reasoned decisions of the First, Fifth, Seventh, Eleventh, and District of Columbia Circuits, this Court should review the Panel Decision *en banc* and overturn it in accordance with those other Circuits' decisions.

                              Respectfully submitted,

                              */s/ David A. Campbell*
                              G. Ross Bridgman (0012945)
                              VORYS, SATER, SEYMOUR AND
                              PEASE LLP
                              52 East Gay Street
                              Columbus, Ohio 43215
                              Phone: 614-464-5682
                              Fax:    614-719-5043
                              Email: grbidgman@vorys.com

                              David A. Campbell (0066494)
                              VORYS, SATER, SEYMOUR AND
                                  PEASE LLP
                              2100 One Cleveland Center
                              1375 East Ninth Street
                              Cleveland, Ohio  44112
                              Phone: 216-479-6100
                              Fax:    216-479-6060
                              Email: dacampbell@vorys.com
                                         cfbillington@vorys.com

                              *Counsel for Appellant/Cross Appellee*
                              *Windsor Republic Doors*

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

Pursuant to Fed. R. App. P. 32(a)(7)(C) and Sixth Cir. R. 32(a), the undersigned certifies that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2760 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word 2007 in Times New Roman, 14 point.

*/s/ David A. Campbell*
David A. Campbell

-14-

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of March 2011, a copy of the foregoing *Appellant's Petition for a Rehearing En Banc* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                             /s/David A. Campbell
                                             David A. Campbell